### Ex Parte Jack Lebo.

No. 6095. Decided December 16, 1920.

Rehearing denied January 26, 1921.

**Murder—Bail—Habeas Corpus—Practice on Appeal.**

Where upon appeal from a *habeas corpus* proceeding, the relator was denied bail, this court, after a careful consideration of the facts in evidence, expresses the opinion that the trial judge was not in error in refusing to grant the appellant bail.

Appeal from the District Court of Shelby. Tried below before the Honorable Chas. L. Brachfield, in vacation.

Appeal from a *habeas corpus* proceeding denying relator bail.
The opinion states the case.

*Sanders & Sanders,* for appellant.—Cited Ex Parte Newman, 38 Texas Crim. Rep., 164; Ex parte Russell, 160 S. W. Rep., 75; Ex Parte Stephenson, 160 id., 71.

*Alvin M. Owsley*, Assistant Attorney General, for the State.

MORROW, Judge.—The appellant was charged with murder, was denied bail, and appeals.

The appellant is a youth about twenty-one years of age; the deceased, Sam Lebo, was his uncle. The homicide took place on November 1. Appellant on that day, according to the evidence, was in the vicinity of his uncle's home, and stated to a witness that his uncle Sam ought to let him have some money, that he had plenty. On the next day he came to the house of his brother, very weary and hungry, apparently scared and uneasy. After eating breakfast he lay down, and remained until the following morning. He exhibited to his brother's wife an automatic pistol. When asked where he got it, he said: "God knows; don't ask me." In conversation with his brother, a man about thirty years of age, the appellant told about going to his uncle Sam's about going to Gary to get a job; said he walked to his uncle's, and reached there about sundown; and said: "What do you reckon, I killed Uncle. I just got tore up, and didn't care for nothing, and killed him. I tried to borrow some money from him, and he wouldn't let me have it, and I shot him. I shot him with his own gun while he was peeling potatoes." Both were sitting by the fire. He said further: "Uncle must have got suspicious; he picked up the gun," and appellant asked his uncle to see the pistol, and when he got it, he shot him, shot him three times in the breast. He said: "I killed him and got what little money he had, only about $25. At the first shot he fell back against the door and was shot twice more;" that he locked up the house, and left him there; that he had put the pistol in a hickory stump, and showed his brother where to find it, stating it was the pistol from which the shots were fired, and said: "I guess you will get your part of the property. I will not get any, but will be arrested." The conversation occurred on the evening of November 3. He told his sister that he had killed his uncle; that he had asked his uncle to lend him some money; that Sam refused; that that made appellant mad, and a little later he asked his uncle to let him see his pistol; that he, the appellant, went to the trunk, and got the pistol, and shot the deceased twice. The pistol was found in the hollow stump. On the sixth of November the house of Sam Lebo was broken open, and he was found lying on the floor dead, four pistol or rifle holes in his body, two entering from the left side and apparently passing through the heart, another in front passing out on the opposite side. He was also shot in the knee. He appeared to have been dead several days. One of the bullets found in the body of the deceased was of the same caliber as the pistol which was in the possession of the appellant.

Without discussing the facts or the legal propositions arising from the evidence, we express the opinion that the trial judge was not in error in refusing to grant the appellant bail. Precedents sustaining the ruling of the trial judge will be found in Branch's Ann. Texas P. C, sec. 230.

The judgment is affirmed.

*Affirmed.*

ON REHEARING.

January 26, 1921.

LATTIMORE, JUDGE.—In view of appellant's motion for rehearing, we have again carefully considered the facts adduced before the trial court in the effort to obtain bail. Sam Lebo was a bachelor living alone and shown by the record to own considerable property. Applicant was a nephew and entitled to one-eighth of the estate of Sam Lebo. The body of Sam Lebo was found in his home giving every evidence of having been dead for several days. There were a number of bullet holes in it and the effects of said Sam Lebo had been disturbed indicating that someone had gone thru them. Appellant admitted to several people that he shot and killed deceased and that he got from him after his death what money he had. No mitigating fact appears in this record.

Without discussing the testimony further we are of the opinion that the judgment of the trial court refusing bail was correct and the motion for rehearing will be overruled.

*Overruled.*