## Ex Parte Milt Good.

### No. 7833.   Decided May 2, 1923.

### Rehearing denied May 23, 1923.

**Habeas Corpus—Companion Case—Practice on Appeal.**

Where, upon appeal denying relator bail, the same points of law and of fact were involved in a companion case which has this day been decided against relator, the judgment below denying bail is affirmed.

Appeal from the District Court of Gaines.   Tried below before
the Hon. Clark M. Mullican.

Appeal from habeas corpus proceeding denying bail in a capital
case.

The opinion states the case.

*Bledsoe & Pharr, Geo. E. Lockhart, Percy Spencer,* for Relator.—
Cited cases in companion case.

*R. G. Storey,* Assistant Attorney General, for the State.

HAWKINS, JUDGE.—This is a companion case to Number 7830,
Ex parte Tom Ross, and upon authority of the opinion in that case
the judgment denying relator bail is affirmed.

*Affirmed.*

ON REHEARING.

May 22, 1923.

LATTIMORE, JUDGE.—The appellant herein was denied bail on
habeas corpus hearing before Honorable Clark M. Mullican, District
Judge of Gaines County, Texas, and appealed to this court which, at
a recent day of this term, affirmed the order and judgment of the
lower court.   Appellant was not satisfied and asks for a rehearing,
and the matter has been again considered by us.

The rule seems to be that on appeal in habeas corpus hearing
wherein bail was denied, if the complaint be that the evidence below
was conflicting, this court will rarely overturn the judgment of the
lower court and grant bail.   Drury v. State, 25 Texas, 45; Ex parte
Rothschild, 2 Texas Crim. App. 560; Ex parte Beacom, 12 Texas
Crim. App. 318; Ex parte Sparks, 81 Texas Crim. Rep. 618; Ex
part Lebo, 88 Texas Crim. Rep., 435, 227 S. W. Rep., 187.   An in-
spection of the record reveals the fact that upon the hearing in the
court below the State introduced a number of eyewitnesses to the kill-
ing who denied that either one of the men who were killed, by any
act or movement of theirs evidenced an intent to execute threats
theretofore made, as testified to by each of the appellants.   Both Ross
and Good took the witness stand and swore that threats against them
on the part of each of the parties killed, had been communicated to
them and that when they walked into the room where the killing oc-
curred the deceased made movements indicating apparently a present
purpose to excute such threats.   The accused testified that there were
witnesses present by whom they could prove the fact that deceased
had made threats.   No such witnesses were called to give evidence.
No persons other than the accused testified to any movements on the
part of either of the persons killed which might form a predicate for
a belief on the part of appellants that an attempt was being made or
about to be made to execute threats.   This then appears to be a case

in which the State witnesses make out a case apparently capital, and the only conflict which ·appears is based on the testimony of the accused. In such case we do not believe ourselves justified in disturbing the judgment of the trial court.

The motion for rehearing will be overruled.

*Overruled.*