Ex Parte Tom Ross v. The State.

No. 7831.   Decided May 2, 1923.

Rehearing Denied May 23, 1923.

Companion Case—Habeas Corpus—Practice on Appeal.

Where, upon appeal denying relator bail, the same points of law and of fact are involved in a companion case which has this day been decided against relator, the judgment below denying bail is affirmed.

2.—Capital Case—Sufficiency of Evidence.

Where the State's testimony makes out a case apparently capital and the only conflict is based on the testimony of the accused, the judgment denying bail will not be disturbed.

Appeal from the Dist. Court of Gaines. Tried below before the Hon. Clark M. Mullican.

Appeal from a habeas corpus proceeding denying bail in a capital case.

The opinion states the case.

*Geo. E. Lockhart, Percy Spencer, Bledsoe & Pharr,* for Relator.— Cited cases in companion case.

*R. G. Storey.* Assistant Attorney General, for the State.

HAWKINS, Judge.—From an order of the Judge of the 72d Judicial District denying relator bail he appeals.

Under authority of Ex parte, Ross, No. 7830 this day decided, the judgment is affirmed.

*Affirmed.*

ON REHEARING.

May 23, 1923.

LATTIMORE, Judge.—The appellant herein was denied bail on habeas corpus hearing before Honorable Clark M. Mullican, District Judge of Gaines county, Texas, and appealed to this court which, at a recent day of this term, affirmed the order and judgment of the lower court. Appellant was not satisfied and asks for a rehearing, and the matter has been again considered by us.

The rule seems to be that on appeal in habeas corpus hearing wherein bail was denied, if the complaint be that the evidence below was conflicting, this court will rarely overturn the judgment of the lower court and grant bail. Drury v. State, 25 Texas 44; Ex parte Rothschild, 2 Texas Crim. App. 560; Ex parte Beacom, 12 Texas Crim. App. 318; Ex parte Sparks, 81 Texas Crim. Rep. 618; Ex parte Lebo, 88 Texas Crim. Rep., 435, 227 S. W. Rep. 187. An inspection of the record reveals the fact that upon the hearing in the court below the State introduced a number of eye-witnesses to the killing who denied that either one of the men who were killed, by any act or movement of theirs evidenced an intent to execute threats theretofore made, as testified to by each of the appellants. Both Ross and Good took the witness stand and swore that threats against them on the part of each of the parties killed, had been communicated to them and that when they walked into the room where the killing occurred the deceased made movements indicating apparently a present purpose to execute such threats. The accused testified that there were witnesses present by whom they could prove the fact that deceased had made threats. No such witnesses were called to give evidence. No persons testified to any movements on the part of either of the persons killed which might form a predicate for a belief on the part of appellants that an attempt was being made or about to be made to execute threats. This then appears to be a case in which the State witnesses make out a case apparently capital, and the only conflict which appears is based on the testimony of the accused. In such case we do not believe ourselves justified in disturbing the judgment of the trial court.

The motion for rehearing will be overruled.

*Overruled.*