### Ex Parte H. L. Shaw.

#### No. 8438.   Decided January 16, 1924.

**Habeas Corpus—Conflict of Evidence—Bail.**

It does not necessarily follow because of conflict in the evidence or because defensive issues were raised by testimony introduced by relator, that he is entitled to bail as a matter of right. Following Ex Parte Smith, 23 Texas Crim. App., 100, and other cases, and in the instant case the learned trial judge did not abuse his discretion in denying bail.

Appeal from the District Court of Cooke. Tried below before the Honorable C. R. Pearman.

Appeal from habeas corpus proceeding denying bail.

The opinion states the case.

*B. F. Gafford* and *James Ralph Bell*, for relator.—Cited Ex Parte Russell, 160 S. W. Rep., 75; Ex Parte Mathis, 242 id., 1058; Ex Parte Harris, 234 id., 399; Ex Parte Lewellen, 229 id., 326.

*Tom Garrard* and *Grover C. Morris,* Assistants Attorney General, for the State.

HAWKINS, JUDGE.—Relator is under indictment charged with the murder of R. A. (Jack) Grundy. From an order of the district judge denying bail this appeal is taken.

Relator was living upon premises which belonged to deceased. A short time before the homicide deceased had notified relator that he desired possession of the premises at the end of the rent term and this information appears to have been unsatisfactory to relator which he expressed to several witnesses. A well and windmill were situated on this rent property with a storage tank from which pipes ran to the residence of the relator and also to a surface tank inside a pasture in which deceased had some cattle. At the time of the homicide the water seems to have been low and deceased had gone with his son-in-law Tracy to the premises for the purpose of seeing about the water for his stock. After investigating the amount of water in the storage tank he had turned the faucet in order that the water might run therefrom into the surface tank. Relator was working at a hay baler some two hundred and fifty yards from the tanks and upon discovering deceased and Tracy left the hay baler, went by his house which was some out of the way, secured his pistol and went to where the deceased and his son-in-law were. He turned the water off which was running in the surface tank, telling deceased there was not sufficient water for his domestic purposes and the stock too. Deceased demurred at this, contending that there was sufficient water for both purposes. We do not go into details of the facts surrounding the killing or discuss at any length the evidence as we think it perhaps improper to do so in this proceeding. The evidence of the State's witnesses shows that relator shot Grundy four times, the latter being unarmed; that after he fell to a stooping position relator shot him twice and struck him a number of times over the head with the pistol before Tracy, who was some distance away, could get to him and disarm him. Evidence was introduced by relator through his wife and through a res gestae statement made by him that he was acting in self-defense; that both Grundy and Tracy were assaulting him with rocks at the time of the difficulty and before he drew his pistol and shot deceased. This defensive theory was combatted by the State by direct testimony of Tracy and by one of the parties working at the hay baler and also by proof of various circumstances. In this state of the record it is contended that the learned trial judge was in error in denying bail.

It does not necessarily follow because of conflict in the evidence, or because defensive issues were raised by testimony introduced by relator, that he is entitled to bail as a matter of right. We had occasion to recently review this question in Ex Parte Ross and Ex

Parte Good, 94 Texas Crim. Rep., 313-443, 251 S. W. Rep., 233. The authorities upon which bail was refused in those cases are Ex Parte Smith, 23 Texas Crim. App., 100, 5 S. W. Rep., 99; Ex Parte Jones, 31 Texas Crim. Rep., 422, 20 S. W. Rep., 983; Drury v. State, 25 Texas Crim. App., 45; Rothschild v. State, 2 Texas Crim. App., 560; Ex Parte Beacom, 12 Texas Crim. App., 318; Ex Parte Sparks, 81 Texas Crim. Rep., 618, 197 S. W. Rep., 873; Ex Parte Lebo, 88 Texas Crim. Rep., 435, 227 S. W. Rep., 187 to all of which reference is made. The rule stated in Ex Parte Smith (supra) from which an excerpt is copied in the Ross and Good opinions was regarded as correct and will control in the present case. We also quote as follows from the opinion in Ex Parte Beacom, (supra):

"In the case before us the external facts and circumstances, as developed by the evidence, both at the time of the killing and immediately thereafter are, if true, in our opinion, amply sufficient to establish satisfactorily a sedate, deliberate mind, and a formed design on the part of appellant to kill the deceased. The evidence in the case is conflicting, and the conflict relates to the most material questions. Two witnesses testify positively that appellant did not do the killing, but that it was the act of other persons. If appellant's testimony is true, he is not guilty of the homicide. But the witnesses were all before the judge who first heard this application for bail, and he was in a far better situation than we are to determine as to the credibility of the witnesses. It would be only in an extreme case,— a case where it was evident to us that the judge below had erred,— that this court would revise the judgment of the judge before whom the case was originally examined, upon the matter of a conflict of evidence and the credibility of witnesses. (Drury v. State, 25 Texas, 45.)"

We have examined carefully the statement of facts brought forward for review and have been unable to reach the conclusion that the learned trial judge abused his discretion in denying bail. It was necessary for him to pass upon the conflicting issues raised and having the witnesses before him was much more favorably situated to determine their credibility and the weight to be given to their testimony than are we.

We do not feel authorized to disturb his finding upon the issue of facts as reflected by his order, and the judgment is affirmed.

*Affirmed.*