### EX PARTE OLIVER WALLACE.

No. 11559.   Delivered January 11, 1928.

**1.—Habeas Corpus—To Secure Bail—Rule Stated.**

Bail is a matter of right, unless the evidence is clear and strong, leaving a well-guarded and dispassionate judgment to the conclusion that the offense has been committed, that the accused is the guilty agent, and that he would probably be punished capitally if the law is administered. See Ex Parte Alford, 261 S. W. 1041.

**2.—Same—Continued.**

Where the issue of self-defense appears, reasonably well supported by the evidence, the case is ordinarily bailable. The instant case is within the rule last announced, and bail is granted in the sum of $7,500.00.

Appeal from the Criminal District Court of Tarrant County. Tried below before the Hon. Geo. E. Hosey, Judge.

Appeal from an order denying bail, reversed and bail granted in the sum of $7,500.00.

The opinion states the case.

*Mays & Mays* of Fort Worth, for appellant.

*A. A. Dawson,* State's Attorney, for the State.

CHRISTIAN, JUDGE.—The appeal is from an order denying bail. Appellant is charged by complaint with the offense of murder.

It was agreed that appellant killed the deceased, S. R. Graham, by shooting him with a pistol. It was further agreed that deceased was shot in the back at the base of the spine, and that the bullet ranged to one side.

Bail is a matter of right unless the evidence is clear and strong leading a well-guarded and dispassionate judgment to the conclusion that the offense has been committed, that the accused is the guilty agent, and that he would probably be punished capitally if the law is administered. Ex Parte Alford, 261 S. W. 1041.

Because there is evidence in the record of mitigating circumstances or raising the issue of self-defense does not necessarily require a reversal of the decision of the trial judge denying bail. The source of the evidence will be considered in determining whether the denial of bail was erroneous. Ex Parte Polk, 268 S. W. 464. However, where the issue of self-defense appears reasonably well supported by the evidence, the case is ordinarily bailable. The instant case, in our opinion, is within the rule last announced. Ex Parte Rivera, 285 S. W. 327. The testimony before us does not make evident the fact that a fair jury, considering such testimony would likely inflict the death penalty.

The judgment is reversed and bail granted in the sum of $7,500.00.

*Reversed and bail granted.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.