## Ex Parte Booker Kyle.

### No. 11638.   Delivered February 8, 1928.

**1.—Habeas Corpus—Denial of Bail—Not Improper.**

Where, on a habeas corpus hearing, after denial of bail by an examining court, under a murder charge, appellant alone testifies in his own behalf, presenting the issue of self-defense, his testimony alone would not demand that bail be granted.

**2.—Same—Right to Bail—Rule Stated.**

"Because there may be evidence in the record of mitigating circumstances, or raising the issue of self-defense, or of an accidental killing, does not in every case require overturning of the decision of a trial judge denying bail. The source of the evidence may be considered in determining whether the denial of bail was erroneous. See Ex Parte Polk, 99 Tex. Crim. Rep. 106, and other cases cited.

Appeal from the District Court of Tyler County.   Tried below before the Hon. Thomas B. Coe, Judge.

Appeal from an order denying bail.   Affirmed.

The opinion states the case.

*J. A. Mooney* and *S. W. Sholars,* for appellant.

*A. A. Dawson,* State's Attorney, for the State.

HAWKINS, JUDGE.—Appellant has been remanded without bail by a justice of the peace of Tyler County upon a charge of murdering Rosetta Evans. He then sought bail by resort to habeas corpus proceeding before the Hon. Thos. B. Coe, Judge of the Seventy-fifth Judicial District of Texas. After hearing the evidence he was again remanded by said judge without bail, from which order he prosecutes this appeal.

From an examination of the evidence we are not led to believe the action of the remanding judge is subject to revision. Appellant testified on the hearing and by his evidence injected an issue of self-defense which it would be necessary to submit to the jury upon a trial. His evidence is in no way supported by that of any disinterested witness. The state's evidence shows

that he had previously made threats to kill deceased. We quote from Ex Parte Polk, 99 Tex. Crim. Rep. 106, 268 S. W. 464, because authorities are therein referred to which we think are controlling here. "Because there may be evidence in the record of mitigating circumstancs, or raising the issue of self-defense, or of an accidental killing does not in every case require overturning of the decision of a trial judge denying bail. Ex Parte Ross, 94 Tex. Crim. Rep. 313, 251 S. W. 235; Ex Parte Good, 94 Tex. Crim. Rep. 326, 251 S. W. 233; Ex Parte Jones, 31 Tex. Crim. Rep. 422, 20 S. W. 983; Ex Parte Smith, 23 Tex. App. 100, 5 S. W. 99; Ex Parte Hanks, 97 Tex. Crim. Rep. 387, 261 S. W. 1027. The source of the evidence may be considered in determining whether the denial of bail was erroneous."

The judgment is affirmed.

*Affirmed.*