## Ex Parte F. M. Robidoux.

No. 12455.   Delivered February 6, 1929.

The opinion states the case.

No brief filed for appellant.

*A. A. Dawson,* of Canton, State's Attorney, for the State.

CHRISTIAN, Judge.—The appeal is from an order denying bail.  Appellant is charged by complaint with the offense of murder.

The state relied almost entirely upon appellant's confession.  The confession itself raises the issue of self-defense.  Appellant's testimony heard upon the hearing also raises such issue.  If the same testimony should be adduced on the trial of the case, it would be necessary to submit the issue of self-defense to the jury.

Because there is evidence in the record of mitigating circumstances or raising the issue of self-defense does not require a reversal of the trial court denying bail.  The source of the evidence will be considered in determining whether the denial of bail was erroneous.  Ex parte Polk, 268 S. W. 464; Ex parte Wallace, 1 S. W. (2d) 886.  However, where the issue of self-defense appears reasonably

well supported by the evidence the case is ordinarily bailable. Ex parte Riviera, 285 S. W. 327; Ex parte Wallace, supra.

If appellant's theory of self-defense is accepted, he would be entitled to bail; if such theory be rejected, we have an unexplained killing, with nobody present but appellant, and no witness to testify as to the facts and circumstances leading up to the killing. Ex parte Cole, 230 S. W. 175; Ex parte Feray, 279 S. W. 470. The testimony before us does not make evident the fact that upon a trial a fair jury, considering such testimony, would inflict the death penalty.

The burden is on the state to show that accused is not entitled to bail. Otherwise he is entitled to bail as a matter of right. Article 1, Section 11, Constitution of Texas. Ex parte Powell, 298 S. W. 575. There being a failure on the part of the state to discharge the burden resting upon it, we must hold that the court committed error in denying bail.

The judgment denying bail is reversed and bail granted in the sum of $7,500.00.

*Reversed and bail granted.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.