Ex Parte R. S. Murray and Frank Callan.

No. 15438.   Delivered June 8, 1932.
Rehearing Denied June 24, 1932.
Reported in 51 S. W. (2d) 599.

The opinion states the case.

*Dailey & Keller,* and *Eddie Roark,* all of Dallas, for appellants.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, Judge.—This appeal is from an order denying bail. Appellants are charged by indictments with the offense of murder.

The testimony of the state was to the effect that appellant Callan, accompanied by appellant Murray, entered the place of business where deceased, King Watson, was employed; that Callan was carrying a sawed-off shotgun; that Callan and Murray started toward a back room; that as deceased moved forward and looked toward Callan, Callan turned

and shot deceased with the shotgun; that Murray was standing nearby in his shirt sleeves, with his hand in his bosom; that deceased was unarmed and making no demonstration at the time he was shot; that deceased said to Callan after he had fallen, mortally wounded: "Look what you have done; you have killed me. Call the ambulance;" that Callan stooped over deceased and said he wanted to see what he had done; that Callan and Murray then left the scene of the homicide. A witness for appellants testified that several days prior to the homicide deceased stated to him, in effect, that if Callan came to his place of business he would be killed. He said he communicated this threat to Callan. Further, he testified that he had seen Callan at the place of business several times after deceased made the threat, and had known of no trouble between him and deceased. Callan testified that he had sold two cases of whisky for which deceased had owed him; that deceased had refused to pay him, saying that if he made any demand he was bigger than Callan, and that he would pinch his head off"; that thereafter he had been told that deceased had said that if he came to his place of business he would be killed; that shortly before the homicide he had been out after a load of whisky and had carried the sawed-off shotgun for the purpose of protecting himself; that he stopped at deceased's place of business with the shotgun and went in, with no intention of killing deceased; that as he walked toward the rear deceased approached him and grabbed hold of the gun and made a movement as if to draw a pistol, and, in effect, threatened to kill him; that he fired at deceased, believing his life was in danger. Appellant Murray did not testify.

The opinion is expressed that appellant. Murray is entitled to bail. The proof goes no further than to show that he was present with Callan at the time of the homicide, and that he had his hand in his bosom at the time Callan fired the fatal shot. No witness heard him say a word. As to him we do not believe the proof evident, nor that same would lead a dispassionate mind to conclude that, upon a fair trial of the facts before us, the death penalty would likely be inflicted.

As to appellant Callan, the opinion is expressed that the learned trial judge was warranted in denying bail. Callan alone testified to facts and circumstances raising the issue of self-defense. Because there is evidence in the record of mitigating circumstances or raising the issue of self-defense does not require a reversal of the trial court denying bail. The source of the evidence will be considered in determining whether the denial of bail was erroneous. Ex parte Robidoux, 111 Texas Crim. Rep., 655, 13 S. W. (2d) 835; Ex parte Polk, 99 Texas Crim. Rep., 106, 268 S. W., 464; Ex parte Wallace, 108 Texas Crim. Rep., 400, 1 S. W. (2d) 886. However, where the issue of self-defense appears reasonably well supported by the evidence, the case is ordinarily bailable. Ex parte Wal-

lace, supra. In the present case the issue of self-defense does not appear to be reasonably well supported by the evidence.

A motive for killing was shown by the state. Appellant Callan went to the place of business of deceased with a sawed-off shotgun, and, according to the state's testimony, shot deceased when he was doing nothing, and while he was unarmed.

As to appellant Murray, the judgment denying bail is reversed and bail granted in the sum of $7,500. As to appellant Callan, the judgment denying bail is affirmed.

*Reversed as to appellant Murray, and affirmed as to appellant, Callan.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.