## Ex Parte J. R. and V. A. Readhimer.

No. 16026.   Delivered April 26, 1933.

Reported in 59 S. W. (2d) 1086.

The opinion states the case.

*L. G. Mathews,* of Floydada, and *Dan M. Cook,* and *R. C. Joiner,* both of Plainview, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—Relators J. R. Readhimer and V. A. Readhimer are under complaint charging them with the offense of murder of one Stokes Campbell.

Upon the habeas corpus hearing before the judge of the 110th judicial district bail was denied each of said relators, from which order this appeal is prosecuted by relators.

The state's testimony coming from two eye witnesses was to the effect that relators sought the deceased on a street in Floydada, and relator V. A. Readhimer held deceased while relator J. R. Readhimer shot him to death, two shots taking effect in his back. The testimony of the state was to the further effect that, after deceased had fallen mortally wounded, relator J. R. Readhimer fired two other shots into his head. During the entire transaction deceased was calling for help. Appellants sought by the testimony of two witnesses, one of whom was the son-in-law of relator J. R. Readhimer and the other a son of the relator J. R. Readhimer, to show circumstances in mitigation of the homicide.

The decision of the trial court denying bail, while not conclusive on this court, is entitled to and is accorded great weight.

Ex parte Hanks, 261 S. W., 1027; Ex parte Lebo, 88 Texas Crim. Rep., 435, 227 S. W., 187; Ex parte Sparks, 81 Texas Crim. Rep., 618, 197 S. W., 873.

Because there is evidence in the record of mitigating circumstances does not necessarily require a reversal of the decision of the trial judge denying bail. The source of the evidence will be considered in determining whether the denial of bail was erroneous. See Ex parte Polk, 99 Texas Crim. Rep., 106, 268 S. W., 464; Ex parte Wallace, 1 S. W. (2d) 886.

The learned trial judge had the witnesses before him and heard all of their testimony. He was in a better position to determine as to the credibility of said witnesses and of the weight to be given to their testimony than we are. We deem it unnecessary to enter into a full discussion of the evidence in a proceeding such as this, but we have carefully examined the statement of facts before us and we are unable to reach the conclusion that the trial judge abused his discretion in denying bail.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.