# JUNE 24, 1938

EX PARTE GUADALUPE CANTU.

No. 19821.   Delivered May 18, 1938.
Rehearing denied June 24, 1938.

The opinion states the case.

*A. W. Cameron,* of Corpus Christi, and *Sid L. Hardin* and *Fred W. Hofstetter,* both of Edinburg, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Appellant is under indictment in the district court of Hidalgo County, Texas, for the murder of his wife. He applied for and was granted a habeas corpus hearing before the district judge to determine whether he was entitled to bail. Upon such hearing he was remanded without bail from which judgment this appeal is prosecuted.

Attorneys for appellant and also our State's Attorney have furnished briefs presenting their views regarding the questions involved, as well as oral arguments supporting their respective views.

There seems to be no difference between them as to the principles of law controlling, and we copy from the brief for the State a statement which clearly reflects the law involved.

"The law governing the matter of bail in capital cases is well settled, and is to the effect that bail will be refused only when the State presents a case where the 'proof is evident' that the accused is guilty of a capital felony (Art. 5, C. C. P.). The term 'proof evident,' as there used, has been held to be such proof as leads one to a well-guarded, dispassionate conclusion that the accused is not only guilty of the offense charged but that, in all probability, he will be punished capitally therefor. Ex parte Goode, 59 S. W. (2d) 841; Ex parte Vermillion, 280 S. W. 771; Ex parte Zinnanti, 75 S. W. (2d) 452.

"On the other hand, it is equally well settled that, where the evidence raises some substantial or outstanding defense, and where same is reasonably well supported in the evidence, it is a bailable case. Ex parte Murray et al., 51 S. W. (2d) 599. Likewise, it is well settled that, if there be a reasonable issue, under the facts, as to the guilty connection, or guilty participation, of the accused with the offense charged, then it is a bailable case. Ex parte Owin, 288 S. W. 234; Ex parte Pettis, 131 S. W. 1081; Ex parte Way, 180 S. W. 610; Ex parte Lewellen, 229 S. W. 326.

"Ever since the celebrated case of Ex parte Rothschild, 2 Texas Ct. of App. 560, it has been the rule that circumstantial evidence is sufficient to show a case of 'proof evident' authorizing the denial of bail."

We copy also from the opinion in the case last referred to the following: "Where it becomes necessary, upon appeal in such cases, to affirm the judgment refusing bail, the practice has been uniform, and is well settled by the decisions of the Supreme

Court and of this Court since its organization. The rule is that neither the facts nor the questions of law presented in the record will ordinarily be discussed lest, perchance, the rights of the applicant might be thereby prejudiced on his final trial."

There have been instances where the Court has departed from the rule above announced and has at times discussed the evidence, but we regard the rule as sound; hence it is not our purpose to set out at length the testimony introduced at the habeas corpus hearing. The evidence covers 278 pages which we have patiently examined. Our conclusions therefrom must suffice in lieu of a detailed statement thereof.

Appellant insists that the evidence does not measure up to the standard which justifies a denial of bail. This contention is based largely upon the fact that appellant claims to have demonstrated that the main State's witness could not from the position she occupied have seen appellant leave and enter his home by the back door, and do some of the things detailed by the witness. We observe that appellant's own statement to an officer admits the doing of the very acts which the witness mentioned claims to have seen him do, the difference being in the order in which the acts were done. The witness claims that after she heard shots in appellant's house—which the State claims were fired by appellant and which killed his wife—she saw appellant go some distance from the house with a bundle in his arms and an oil can and burn whatever was in the bundle. The pertinence of this incident does not appear from other evidence. This occurrence is the only one detailed by the witness which was not admitted by appellant before his arrest, in conversation with the officer. There is no denial that the witness heard screams of a woman in appellant's house and two pistol shots. The wife of appellant was shot twice with a .45 caliber gun. One bullet was recovered from her head. A ballistics expert testified that this bullet was fired from a pistol shown to have been in appellant's possession at the time of the killing.

Further than has been done we refrain from a discussion of the facts. In accordance with out understanding of the law when applied to the facts as developed the court below did not err in refusing bail.

The judgment is affirmed.

### ON MOTION FOR REHEARING.

CHRISTIAN, JUDGE.—Relator resists the conclusion that he is not entitled to bail largely on the ground, as we understand

it, that the killing was unexplained and that evidence of express malice is lacking in the absence of which denial of bail would be unauthorized.

The following excerpts are taken from the opinion in McCoy v. State, 25 Texas 33. "However sudden the killing may be, if the means used or manner of doing it, or other external circumstances attending it, indicate a sedate mind and formed design to kill, or do great bodily injury, and a murder be committed, it will be upon express malice. 1 Hawkins 96, Sec. 23. In such case, if it appeared that the means used were likely to kill, or do great bodily harm, endangering life, and a killing took place, the natural inference would be that it was upon express malice; unless it was attended with such circumstances as showed an absence of such formed design, or as showed the act to be the result of an indeliberate, rash, sudden impulse or passion. Whiteford v. The Commonwealth, 6 Rand. 723-4. The rule that from the isolated fact of killing the malice is implied, and not express, however correct as an abstract proposition, can seldom be of practical utility, in ascertaining the species of malice. 2 Gratt 594; Wright (Ohio) 20; Am. Law Homicide, 386; Pennsylvania v. Lewis et al., Add. (Pa.) 282. For that fact will rarely ever be presented in the entire absence of all antecedent or attending circumstances. Whether they be arrived at by positive or circumstantial evidence, they will constitute a legitimate basis for an inference as to the species of malice. * * * The object of the proof is to establish the existence of the malice in fact, towards the deceased (as it has been explained), at the time of the killing, which prompted him to the commission of the deed. The sufficiency of the evidence to establish it is determined, as that of any other fact, by its effect to reasonably satisfy the mind. * * * in determining whether a murder has been committed with express malice or not, the important questions are: Do the external facts and circumstances at the time of the killing, before or after that time, having connection with or relating to it, furnish satisfactory evidence of the existence of a sedate, deliberate mind, on the part of the person killing, at the time he does the act? Do they show a formed design to take the life of the person slain, or do him some serious bodily harm, which in its necessary or probable consequences may end in his death; or such general, reckless disregard of human life, as necessarily includes a formed design against the life of the person slain? If they do, the killing, if it amount to murder, will be upon express malice."

Giving application to the principles stated, we are unable

to reach the conclusion that the evidence of express malice is wanting. Relator's wife was shot twice. Apparently, from the present record, relator left her dead body lying in the house while he went away to town, laying the predicate for an alibi on the claim that she was killed during his absence and her body discovered by him on his return home. Such may not be the actual facts, but the record before us supports such conclusions. .

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

MORROW, PRESIDING JUDGE.—Again reviewing the record in the light of the motion for rehearing it is believed that proper disposition of the appeal was made upon the original submission, and that the motion for rehearing should be overruled.